UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

WESTMORELAND COAL COMPANY,
INCORPORATED,

                          *Petitioner,*

            v.

JAMES R. RAMSEY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

                          *Respondents.*

No. 99-2049

On Petition for Review of an Order
of the Benefits Review Board.
(98-692-BLA)

Argued: June 7, 2000

Decided: November 9, 2001

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Petition denied and case remanded with instructions by unpublished
per curiam opinion.

_____

## COUNSEL

**ARGUED:** Douglas Allan Smoot, JACKSON & KELLY, P.L.L.C.,
Morgantown, West Virginia, for Petitioner. Helen Hart Cox, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for
Respondents. **ON BRIEF:** Kathy L. Snyder, JACKSON & KELLY,

P.L.L.C., Morgantown, West Virginia, for Petitioner. Henry L. Solano, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Patricia M. Nece, Counsel for Appellate Litigation, Richard A. Seid, Counsel for Administrative Litigation and Legal Advice, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The employer, Westmoreland Coal Company (Westmoreland), challenges the Benefits Review Board's (the Board) decision upholding the Administrative Law Judge's (ALJ) award of benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. § 901-945, to claimant James R. Ramsey. For the reasons that follow, we deny Westmoreland's petition for review.

### I.

Ramsey has worked in or around coal mines for 21 years. He first worked for the Ames Mining Company from 1948 to 1956 operating a machine cutting coal in the mines. In 1956, he left the coal industry because the coal dust from the mines bothered him. In 1972 he returned to the industry and worked as a hydraulic mechanic for Westmoreland. While Ramsey did not work in the mines while performing his last duties, he was still exposed to the coal dust on the machines he was servicing and to the dust emitted from a nearby preparation plant. Ramsey retired in 1985.

Ramsey filed his first claim for benefits under the Act with the Department of Labor on December 9, 1987. The Board affirmed the ALJ's denial of this claim in 1992. *Ramsey v. Westmoreland Coal*

*Co.*, BRB No. 90-1538 BLA (May 27, 1992). Ramsey then filed a duplicate claim for benefits with the Department of Labor on August 31, 1992. This is the only claim at issue on this appeal.

Upon initial consideration of Ramsey's duplicate claim, the district director found that Ramsey was eligible for benefits and granted an award on June 8, 1994. Westmoreland disagreed with this finding and requested a hearing in front of an ALJ. Following the hearing, the ALJ issued a decision denying Ramsey benefits under the Act after finding that the evidence was insufficient to show that Ramsey suffered from legal pneumoconiosis and that Ramsey was totally disabled due to pneumoconiosis. *Ramsey v. Westmoreland Coal Co.*, No. 94-BLA-1898 (Feb. 15, 1995).

Ramsey appealed the ALJ's decision to the Board, and the Board vacated the ALJ's determination that the medical opinion evidence was insufficient (1) to establish the existence of legal pneumoconiosis and (2) to establish that Ramsey's total disability was due to pneumoconiosis. *Ramsey v. Westmoreland Coal Co.*, BRB No. 95-1186 BLA (Oct. 26, 1995). The Board remanded the case to the ALJ for reconsideration of those two issues.* Medical evidence from at least 29 doctors, including Dr. Donald L. Rasmussen and Dr. George L. Zaldivar, was before the ALJ when she reconsidered Ramsey's claim. Upon examination of this medical evidence, the ALJ awarded benefits after finding that Ramsey did have pneumoconiosis arising from his coal mine employment and that Ramsey was totally disabled due to his pneumoconiosis. *Ramsey v. Westmoreland Coal Co.*, No. 94-BLA-1898 (Aug. 22, 1996). In reaching this conclusion, the ALJ first concluded that under 20 C.F.R. § 718.201 "any chronic pulmonary disease will qualify as pneumoconiosis if it is either related to or aggravated by coal mine dust exposure." The ALJ then found, primarily relying on Dr. Rasmussen's report, that Ramsey had chronic bronchitis/COPD as a result of coal mine dust exposure and "a minimal amount of coal workers' pneumoconiosis." The ALJ also relied on Dr. Rasmussen's report to find that legal pneumoconiosis was "a contributing cause to his [Ramsey's] total disability."

---

*The ALJ had already determined that the presumption in 20 C.F.R. § 718.203(b) that any pneumoconiosis arose out of coal mine employment applied and that Ramsey was totally disabled.

Once more, Westmoreland appealed to the Board, which remanded the case to the ALJ again for further consideration of the evidence. *Ramsey v. Westmoreland Coal Co.*, BRB No. 96-1620 BLA (Sept. 26, 1997). The Board vacated the ALJ's determination that Ramsey had legal pneumoconiosis after finding that the ALJ's weighing of the medical evidence was flawed. The Board also vacated the finding that Ramsey's total disability was due to pneumoconiosis because the ALJ improperly interpreted the medical evidence.

On remand, the ALJ once again found that Ramsey was entitled to an award of benefits. *Ramsey v. Westmoreland Coal Co.*, No. 94-BLA-1898 (Jan. 27, 1998). The ALJ explained that the medical evidence did support a finding of legal pneumoconiosis because Dr. Rasmussen's report was entitled to significant weight in that it was better reasoned and better supported. Dr. Rasmussen had examined Ramsey, and Dr. Rasmussen provided support for his opinion. The ALJ went on to explain why she found the other physicians', including Dr. Zaldivar's, opinions less persuasive than Dr. Rasmussen's. Among other reasons were that Dr. Zaldivar did not adequately explain the reasons for his conclusion; his findings in other specific respects differed from those of other physicians; and Dr. Rasmussen's findings were "well reasoned, well supported . . . highly probative, and entitled to significant weight."

Westmoreland timely appealed this latest determination by the ALJ to the Board, which issued an opinion affirming the ALJ's grant of benefits to Ramsey. *Ramsey v. Westmoreland Coal Co.*, BRB No. 98-0692 BLA (Jun. 24, 1999). The main thrust of the Board's opinion addressed Westmoreland's arguments that the ALJ erred in finding that Ramsey suffered from legal pneumoconiosis as defined in the regulations, 20 C.F.R. § 718, 202(a)(4). On these questions, the Board found substantial evidence to support the ALJ's opinion and determined that any errors made were harmless. Otherwise, the Board affirmed the ALJ's finding that Ramsey's total disability was due to pneumoconiosis because it found that Westmoreland did not challenge that issue on appeal.

Westmoreland appeals this most recent opinion of the Board and asserts nine errors as follows: (1) the ALJ failed to explain why Dr. Rasmussen's opinion was more persuasive, (2) the ALJ erroneously

discredited several doctors' opinions for opining that coal dust cannot cause obstructive impairments, (3) the ALJ erroneously credited a doctor's diagnosis of pneumoconiosis based on a positive x-ray interpretation after finding that x-ray evidence failed to show pneumoconiosis, (4) the ALJ's determination that certain doctors' opinions were unreasoned was not supported by substantial evidence, (5) the ALJ provided an erroneous basis for discrediting Dr. Zaldivar's opinion, (6) the ALJ incorrectly included all chronic pulmonary diseases within the definition of pneumoconiosis, (7) the Board erred in determining that Westmoreland did not challenge the ALJ's finding of total disability due to pneumoconiosis on appeal, (8) the ALJ improperly incorporated prior flawed findings of fact and did not re-analyze the evidence, and (9) the ALJ erred in setting the date of onset of disability as the date Ramsey filed his second claim.

## II.

We review the Board's determinations to ensure that it properly adhered to its own statutory standard of review. *Dehue Coal Co. v. Ballard*, 65 F.3d 1189, 1193 (4th Cir. 1995). The Board reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence. *Dehue*, 65 F.3d at 1193. Thus, in evaluating the Board's decision, we also review the record to determine whether substantial evidence supported the ALJ's findings of fact. *Dehue*, 65 F.3d at 1193. We review the Board's legal conclusions *de novo*. *Dehue*, 65 F.3d at 1193.

## III.

After consideration of the briefs, record, and oral argument, we are of opinion that no reversible error exists in this case, and we affirm the decision of the Board for the reasons expressed in its opinion. We note that issues one through five primarily concern the weight of evidence and the credibility of witnesses. We decline to revisit those assessments and find that substantial evidence in the record supports the ALJ's conclusions. Likewise, we find no errors of law or fact on issues six, eight, or nine.

The last issue to consider is seven, in which Westmoreland takes issue with the Board's finding that Westmoreland did not challenge

the cause of disability as due to pneumoconiosis. In support of its position, Westmoreland points to a single page in its brief before the Board, a clause in which it argues that "the existence of coal workers' pneumoconiosis and total disability due to pneumoconiosis are not supported by evidence or the relevant case law." The Board treated this in its 1999 opinion as challenging the existence of pneumoconiosis but not the cause finding. And its 1999 opinion treats existence extensively, but not cause in the sense contested by Westmoreland. Not enough of the proceedings before the Board are brought to our attention by Westmoreland for us to find that the Board's decision found at footnote 2 on page 3 of its opinion (A. 319) is in error. Therefore, we affirm the Board on this ground. Alternately, we will treat the assignment of error as an argument that disability due to pneumoconiosis is not established by the record.

On that point, we adopt the reasoning of the ALJ in footnote 8 on page 9 of her opinion of January 30, 1998, which is as follows:

> At the risk of belaboring this point, my reasoning was as follows: (1) Based upon the opinions of Drs. Loudon, Renn, Stewart, Rasmussen, and Abraham, which I found to be more persuasive than that of Dr. Zaldivar on the issue, the Claimant established that he has COPD/chronic bronchitis; (2) Based upon Dr. Rasmussen's opinion, which I found to be more persuasive than the other opinions, the Claimant established that he has "legal pneumoconiosis", because his COPD/chronic bronchitis was caused by coal mine dust exposure; and (3) Based upon the opinions of Drs. Loudon, Renn, Stewart, and Rasmussen, which I found to be more persuasive than that of Dr. Zaldivar, the Claimant established that his COPD/chronic bronchitis was a significant contributing factor to his total disability. Using simple logic and common sense, the Claimant has therefore established that he has pneumoconiosis arising out of coal mine employment.

A. 314.

We do not treat the brief of Westmoreland as raising any issue under *S.E.C. v. Chenery Corp.*, 318 U.S. 80 (1943).

Accordingly, the petition for review of Westmoreland must be denied and the case remanded to the Board with directions that it see to the award of benefits in favor of Ramsey.

*PETITION DENIED AND REMANDED*
*WITH INSTRUCTIONS*